MARION F. EDWARDS, Chief Judge.
[2The present matter came before us on a trial de novo, following the denial in the Juvenile Court of the petitioner’s applica *851 tion for an order authorizing an abortion. In accordance with La. R.S. 40:1299.35.5, the minor petitioner, L.P., filed her application in the Juvenile Court on April 7, 2011. Pursuant to the Code of Juvenile Procedure, counsel was appointed to represent her in the hearing, which was heard on that same day, April 7. Following a hearing, the Juvenile Court denied L.P.’s petition. L.P. was granted an order of appeal on April 25, 2011, and trial de novo in this court was held on April 26, 2011. The trial was held in chambers with L.P., her appointed attorney, and a court reporter.
At the trial, L.P. testified that she is sixteen years old and a high school student. The father of her child is also a student and has not pressured her to get an abortion. L.P. stated that she is involved in several school activities, has a job after school, and plans to go to college and on to medical school. She hopes that her school activities will help her obtain a college scholarship. L.P. testified that she went to a medical clinic that performs abortions, where she spoke with a counsel- or in a group with some other girls. At that time, she was told there could be some type of emotional attachment or trauma associated with having an abortion. She |salso spoke with an older girlfriend. She has considered alternatives to abortion, but she does not want to place a baby for adoption “out there without knowing who their parents were.” She does not want to tell her mother, with whom she lives, about her pregnancy because her mother has a lot of problems, has been diagnosed with “anxiety,” and it would be best for her not to know because it would upset her. L.P.’s mother gave birth to her when she was sixteen years old. L.P. does not want her mother to make her decision for her. According to L.P., she and her mother do not really have a good relationship. Whether she had the baby or the abortion, her relationship with her mother would worsen. She could confide in her stepfather, but he would tell her mother.
Throughout the hearing, L.P. made it clear that she does not want to go through the emotional and physical trauma of having a baby at this time, and she does not want to place her baby for adoption. She is determined to go to college and feels that it would be harder to do so with a baby. L.P. knows girls who had babies and subsequently quit school. She felt that she is mature enough to make her own decisions and could live with her choice to have an abortion. She repeated that she does not want anyone making decisions for her.
La. R.S. 40:1299.35.5 requires the Court of Appeal, in this trial de novo, to base its decision on the criteria provided in paragraphs (4), (5), and (6) of subsection (B) and issue its final judgment and order within forty-eight hours of its hearing. According to paragraph (4), the court shall issue an order authorizing the minor to act on the matter without parental consultation or consent if it finds, by clear and convincing evidence and using “reasoned judgment and evidentiary evaluation,” that the minor is sufficiently mature and well enough informed to make the decision concerning the abortion on her own.
|4Clear and convincing evidence is an intermediate standard of persuasion, which requires more than a preponderance of the evidence, but less than proof beyond a reasonable doubt; the existence of the disputed fact must be much more probable than its nonexistence.[1] In wording the statute, the legislature has assumed that a *852 minor is not presumed to have the necessary maturity and information to make such a major decision on her own without consulting her parents or guardian. Thus, we are instructed to use our reasoned judgment and evaluate the evidence presented.
In this matter, the only evidence was the testimony of L.P. herself. After considering this testimony, we find that L.P. did not carry the heavy burden of proof imposed by the statute. There was no supporting evidence presented to show that L.P. has received adequate counseling and information on the effects and consequences of any decision she might make with regard to her pregnancy. Although L.P. appears to be a responsible person in several ways, we are not firmly convinced that she is sufficiently mature and well-informed enough to make such a major decision in the absence of parental consultation. L.P.’s determination not to have anyone make her decisions for her is characteristic of a person of her age. L.P. stated that her mother would be worried, which is a natural reaction, but did not indicate that any serious harm would be caused either to herself or to her mother by discussing the matter with her. From her testimony, we find that L.P. would benefit from having her mother, who is surely aware of her plans for the future and is'doubtlessly concerned with her well-being, participate in her decision regarding her pregnancy.
However, we hold that, at this time, it would not be in the best interest of L.P. for this court to formally notify her mother of the proceedings. Rather, we |sconclude that L.P. has ample opportunity as well as sufficient motive to reconsider her own decision to involve her mother. Further, for the reasons stated above, we find that L.P. has failed to show by clear and convincing evidence that an order of this court authorizing an abortion is in her best interest.
For these reasons, we deny L.P.’s petition for an abortion under La. R.S. 40:1299.35.5.

PETITION DENIED

. Hanks v. Entergy Corp., 06-477 (La. 12/18/06), 944 So.2d 564 (citing Louisiana State Bar Assoc. v. Edwins, 329 So.2d 437 (La.1976)).